**BOWLES, Price Administrator, v. GAINES.**

**No. 429.**

District Court, E. D. Kentucky.

July 15, 1946.

Parker W. Duncan, of Monticello, Ky., and H. N. McTyeire and Charles L. Stephens, both of Louisville, Ky., for plaintiff.

Stoll, Muir, Townsend, Park & Mohney, of Lexington, Ky., for defendant.

FORD, District Judge.

This action is under 50 U.S.C.A. Appendix, § 925(a, e), for alleged violations of Maximum Price Regulations promulgated pursuant to the Emergency Price Control Act.

The case is submitted upon the defendant's motion to dismiss the complaint for failure to state a claim upon which relief can be granted, Rule 12(b) F.R.C.P., 28 U.S.C.A. following section 723c.

Allegations of the complaint, as amended, so far as presently material, are, in substance, that the defendant owns and operates a retail grocery and meat store in Fayette County, Kentucky, and on or about January 14, 1946, he sold and delivered at retail to Henry Dunaway, an Investigator of the Office of Price Administration, two pounds, eleven ounces of beef round, Grade B, and one-half pound of bologna AC at prices in excess of the maximum prices established for such commodities by Maxi-

mum Price Regulations 355 and 336, respectively, which regulations were then in force and effect.

Other allegations of the original complaint in respect to defendant having sold and offered to sell commodities at other times and in respect to his failure to post his selling prices, in violation of the same regulations and also contrary to Revised General Order 51 and Maximum Price Regulation 423, must be regarded as abandoned for the reason that plaintiff has failed to comply with paragraphs 5(b), 5(c) and 5(d) of the order of March 22, 1946, requiring that such allegations be made more specific.

Regulation 355 establishes dollar and cents ceiling prices on "all retail sales" of beef, veal, lamb and mutton cuts. Regulation 336 fixes dollar and cents ceiling prices on "all retail sales" of fresh and processed pork cuts and sausage products, including bologna.

Relying upon paragraph (M)(8) of Revised General Order 51, which provides " 'Sale at Retail' means a sale to an ultimate consumer other than to a commercial, industrial or institutional user," the defendant challenges the sufficiency of the plaintiff's pleading contending that by stating that the sales in question were made to "an Investigator of the Office of Price Administration" the complaint shows upon its face that they were not "to an ultimate consumer" and hence neither of them was a "sale at retail," within the meaning of the regulations charged to have been violated.

The provision of Revised General Order 51(M) (8) upon which the defendant relies does not purport to define "ultimate consumer." It merely excludes from that classification "a commercial, industrial or institutional user," thus seeming to imply that any other purchaser who finally uses a commodity is within the classification of "ultimate consumer" regardless of the method, manner or purpose of such use.

By section 201(c) of the Emergency Price Control Act, 50 U.S.C.A.Appendix, § 921(c), Congress has expressly authorized the Price Administrator to purchase commodities which are subject to price regulations in order to obtain information or evidence of violations of price schedules.

Nothing appears in the Emergency Price Control Act or in the regulations here involved to justify so narrow an interpretation of the term "sale at retail" as to exclude a sale of a small amount of food to an Investigator of the Office of Price Administration by a retail dealer at his retail store, even though the purchase was made for the purpose of obtaining information or evidence of violation of price schedules.

In Shaw v. United States, 6 Cir., 151 F.2d 967, 969, the appellants were convicted of violating gas rationing regulations. Agents of the Government bought gasoline from the appellants by the use of ration coupons which had been issued to the agents solely for the purpose of securing evidence of violations. The coupons were without identifying folders and without license numbers corresponding to the license numbers of the cars used by the officers. The opinion states: "The coupons were accepted without question, without demand for the exhibition of the coupon folders and without comparison of coupon numbers with the license plates. Subsequently, the officers returned to the several stations, reclaimed the test coupons, and the gasoline was syphoned back into the station tanks."

In affirming the case the Court said:

"The fact that the gasoline purchased by the agents was purchased for the purpose of providing evidence of law violation, does not remove the agents from their classification as consumers."

The defendant's contention that the complaint shows upon its face that the alleged sales were not "sales at retail" is without merit and the motion to dismiss should be overruled.

It appears that civil actions No. 430, No. 431, No. 432, No. 433, No. 439, No. 440, No. 441, No. 442, No. 445, No. 446, No. 447, No. 449 and No. 451, now pending upon the docket of this Court, are actions of the same nature as the present suit but against other defendants and that in each of them the respective defendants have filed motions to dismiss the complaint upon the same ground herein presented. For the reasons herein indicated, orders will be entered overruling the motion to dismiss in each of the above numbered cases.